NOT FOR PUBLICATION

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID FOSCUE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ZIMMER, INC., et al., <br><br> Defendants. | Civil Action No. 12-7491 (SDW) <br> Master Docket No. 09-4414 <br> MDL No. 2158 <br><br><br> **OPINION** <br><br><br> September 3, 2013 |

**WIGENTON**, District Judge.

Before this Court is the Report and Recommendation ("R&R") of Magistrate Judge Madeline Cox Arleo ("Magistrate Judge Arleo") filed March 26, 2013 regarding the matter of David Foscue, et al. ("Plaintiffs") versus defendants Zimmer, Inc., et al. ("Defendants") recommending the following: 1) denying Plaintiffs' motion to remand this action to the state Circuit Court of Arkansas ("Motion to Remand"); 2) dismissing with prejudice the Amended Complaint against defendants Ervin Associates d/b/a as Zimmer Solutions, LLC; Arkansas Surgical Hospital, LLC; Dr. William Hefley; Jerry Conyer ("Conyer"); and Bowen Hefley Rhodes Stewart Orthopedics, P.A. d/b/a Martin Bowen Hefley Orthopedics Orthosurgeons.

This matter was removed to this district pursuant to 28 U.S.C. §§ 1441 and 1446, with this Court having jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

1
1

**BACKGROUND**

This Court writes primarily for the parties, and thus, only a brief discussion of the procedural and factual background is provided. The R&R stems from the medical device products liability action before this Court regarding the Durom Acetabular Component (the "Durom Cup"). (*See* Am. Compl.) Plaintiffs allege that on March 18, 2009, the Durom Cup was surgically implanted in plaintiff David Foscue at the Arkansas Surgical Hospital during hip replacement surgery, and as a result, he suffered injuries. (Am. Compl. ¶¶ 18-19.)

On June 21, 2012, Plaintiffs' Amended Complaint was filed, including claims of negligence, strict liability, breach of implied warranty of merchantability, breach of implied warranty of fitness for purpose, and violation of the Arkansas Deceptive Trade Practices Act ("ADTPA"). On July 18, 2012, Defendants removed this matter from the Circuit Court of Bradley County, Arkansas to this Court. (Dkt. Nos. 1-3.)

On July 24, 2012, Plaintiffs filed the Motion to Remand this matter to state court in Arkansas. (Dkt. No. 5.) On July 25, 2012, a motion to dismiss defendant Conyer was filed. (Dkt. No. 8.) On July 30, 2012, opposition to the motion to dismiss was filed, and on August 9, 2012, a reply was filed. (Dkt. No. 20, 25.) Also, on August 9, 2012, opposition to the motion to remand was filed, and on August 17, 2012, Plaintiffs replied. (Dkt. Nos. 26, 30.) On March 25, 2013, oral argument was held before Magistrate Judge Arleo, and on March 26, 2013 the R&R was filed. (Dkt. No. 53.) On April 9, 2013, Plaintiffs filed objections to the R&R. (Dkt. Nos. 55, 56.) On April 19, 2013, Defendants filed a response to the objections to the R&R. (Dkt. No. 59.) On April 19, 2013, Plaintiffs filed a reply to the response to the objections to the R&R. (Dkt. No. 60.)

**LEGAL STANDARD**

The Federal Magistrates Act provides two separate standards of judicial review: (1) "de novo" for magistrate resolution of dispositive matters, and (2) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D.N.J. Civ. R. 72.1(a); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108 (3d Cir. 1986). After being presented with a magistrate judge's report and recommendation in a dispositive matter, the district court must conduct a de novo review of the findings and issue an order as it sees fit. *See* 28 U.S.C. § 636(b)(1)(C).

**DISCUSSION**

The removing defendant has the burden to avoid remand by demonstrating that the non-diverse party was fraudulently joined. *See In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006). For this assessment the district court is to assume as true all factual allegations of plaintiff's complaint. *See id.*

Here, Plaintiffs claim the facts in the Amended Complaint state a cause of action for damages against Conyer, a sales representative. (Pls.' Br. for Remand 4) Plaintiffs object to the dismissal of the non-diverse defendant Conyer, arguing that Magistrate Judge Arleo erred in finding that "the allegations [of the Plaintiffs' Amended Complaint] are silent with respect to Mr. Conyer's specific personal involvement with the sale of the product to Mr. Foscue as a consumer." (*Id.* 2.) Additionally, Plaintiffs assert that Zimmer's counsel (who is also counsel for Conyer) did not dispute the allegation of Conyer's involvement, but rather, Zimmer counsel only offered speculation about Conyer's involvement in this matter. (*Id.*) As a result, Plaintiffs believe that the allegations of Plaintiffs' Amended Complaint are not silent regarding Conyer's

3

violations of the ADTPA or the Arkansas law of product liability, and do state possible causes of action against Conyer. (*Id.* 5.)

In opposition, Defendants assert that Magistrate Judge Arleo correctly found that there was no reasonable basis in law or fact supporting Plaintiffs' claims against Conyer. (*See* Defs.' Opp'n Br. to Remand 2.) Defendants assert that Conyer had no personal contact with plaintiff David Foscue, was not involved in Foscue's March 18, 2009 surgery or the manufacture or design of the Durom Cup, nor has evidence of such contact been provided. (*Id.* 3-4.)

Further, Defendants argue that Plaintiffs have no reasonable basis for product liability and warranty claims against Conyer because he is not the seller or supplier of the product at issue, although Conyer allegedly may have been involved in the sale and distribution of the Durom Cup. Additionally, Defendants assert that Plaintiffs have no reasonable basis for their negligence claim because Conyer owed no duty to Plaintiffs.

In the *Hobbs* case, the Eastern District of Arkansas Court noted that Arkansas does not hold salespersons liable for "repetition, in good faith, of a statement authorized by [employers]" or what amounts to the tort of negligent misrepresentation. *See Hobbs v. Wyeth, Inc.*, 2004 WL 6005569 *7 (E.D. Ark. July 13, 2004). Further, the *Hobbs* Court noted, that under a similar theory for individual liability,

> [a]doption of a rule of this sort would impose upon virtually every salesperson, whether for a pharmaceutical company or other manufacturer, an independent duty to discover and warn consumers of danger in the products they promote . . . Imposing a duty on sales representatives to independently verify the safety of each product they market for their employers is nothing short of absurd.

*Hobbs*, 2004 WL 6005569 *6-7.

Here, Plaintiffs do not allege that Conyer was involved in the manufacturing or design of the device. (*See* Am. Compl.) Plaintiffs allege: "On information and belief, Defendant Jerry Conyer is an Arkansas resident . . . and at all relevant times was involved in the promotion, distribution, supply, sale, and/or offering for sale of the hip replacement medical device at issue in the case." (*See* Am. Compl. ¶ 7.) However, Plaintiffs do not point to any specific actions taken by Conyer with respect to plaintiff David Foscue or his surgery or specific representations allegedly made by Conyer directly to David Foscue. (*See generally* Am. Compl.)

As Magistrate Judge Arleo noted, there are no bad faith allegations or allegations of direct promoting or selling of the device by Conyer to David Foscue. (Hr'g. Tr. 14:9-16.) The deceptive trade practice claim, as well as the products liability, negligence, and breach of warranty claims cannot be maintained against Conyer because Conyer is not a seller or manufacturer of the Durom Cup and was not personally involved in the events of the injury.[1] Conyer was not involved with David Foscue's surgery, and there is no evidence that he made any representations directly to Plaintiffs. As such, Plaintiffs' general allegations as set forth in the Amended Complaint are not sufficient to keep Conyer in this case with individual liability.

**CONCLUSION**

For the reasons set forth above, this Court will **ADOPT** the R&R. Plaintiffs' Motion to Remand will be **DENIED** and the Amended Complaint against defendants Ervin Associates d/b/a as Zimmer Solutions, LLC; Arkansas Surgical Hospital, LLC; Dr. William Hefley; Conyer; and Bowen Hefley Rhodes Stewart Orthopedics, P.A. d/b/a Martin Bowen Hefley Orthopedics Orthosurgeons will be **DISMISSED**.

---

[1] Under Arkansas law, an individual may be sued when it is shown that an individual employee of a corporation is personally involved in the events surrounding an injury. *See Bayird v. Floyd*, 344 S.W.3d 80, 84-85 (Ark. 2009).

s/ Susan D. Wigenton, U.S.D.J.

Orig:      Clerk
cc:        Parties
           Magistrate Judge Arleo