UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID FOSCUE, *et al.*,<br>     PLAINTIFFS,<br><br>v.<br><br>ZIMMER INC., *et al.*,<br><br>     DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 12-7491<br>MDL Docket No. 2158<br><br>Assigned to: Hon. Susan D. Wigenton |

### DEFENDANTS ZIMMER, INC., ZIMMER US, INC., AND ZIMMER HOLDINGS, INC.'S, MOTION FOR COURT-ASSISTED MEDIATION

The defendants, Zimmer, Inc. (now Zimmer Biomet, Inc.), Zimmer Holdings, Inc. (now Zimmer Biomet Holdings, Inc.), and Zimmer US, Inc. (collectively "Zimmer"), respectfully submit the following Motion for Court-Assisted Mediation.

### INTRODUCTION

Unlike nearly all other Plaintiffs in this MDL, Plaintiffs David Foscue and Teresa Foscue have not participated in a meaningful manner in mediation as established by the U.S. Durom Cup Global Settlement Program Agreement ("Global Settlement Program Agreement" or "GSP"). (*See* Exhibit 1, May 13, 2016 Case Management Order; GSP [MDL Dkt. 925]). Accordingly, Zimmer respectfully seeks this Court's assistance in scheduling a court-assisted mediation where the Plaintiffs must appear in-person for mediation with Your Honor or Magistrate of the Court.

### FACTUAL BACKGROUND

On June 21, 2012, the Plaintiffs served their Amended Complaint filed in the Circuit Court of Bradley County, Arkansas. On July 18, 2012, Zimmer timely removed the case to the Western District of Arkansas. (*See* Exhibit 2, Affidavit of John Joseph Tanner ("Tanner Aff."), at ¶ 12).

The Plaintiffs immediately moved to remand the case, and then filed a motion for expedited ruling in the Western District of Arkansas before the JPML transferred the case to the MDL on December 6, 2012. (*See Id.*, at ¶ 13). On March 23, 2013, then Magistrate Judge Arleo held a hearing on the Plaintiffs' motion to remand and denied the motion. Judge Wigenton affirmed Judge Arleo's ruling, over the Plaintiffs' objection. (*See Id.*, at ¶ 14).

In 2014 and 2015, four Durom Cup cases were tried to verdict in various jurisdictions by a subset of MDL Plaintiffs' Liaison Counsel. Three cases were tried in state courts using the coordinated discovery taken in the MDL and one case in the MDL Court. The trials resulted in three defense verdicts and one plaintiff's verdict in California that was subsequently vacated by the trial judge and currently is awaiting a new trial. (*See Id.*, at ¶ 7). Thereafter, Zimmer and a subset of MDL Plaintiffs' Liaison Counsel ("Claimants' Liaison Counsel") negotiated the Global Settlement Program Agreement. The GSP was intended to resolve substantially all of the cases in the MDL. (*See Id.*, at ¶ 7). Thereafter, Zimmer and Claimants' Liaison Counsel proposed certain amendments to MDL Case Management Orders to effectuate the GSP in the MDL.

After the third MDL bellwether trial was tried to verdict, the Plaintiffs again moved to remand this case. (*See* November 24, 2015 Motion to Remand [Foscue Dkt. 65]). That motion was denied on April 7, 2016. This Court reasoned that remand was premature because of the "possibility of a new process [the GSP] by which existing MDL cases could be resolved by way of settlement, trial or remand." (*See* April 7, 2016 Letter Order Denying Motion to Remand as Premature [Foscue Dkt. 73]). This Court enacted the GSP through the Settlement Case Management Order dated May 13, 2016, which requires, in part, that "[a]ll plaintiffs . . . shall participate in the process established by the Settlement Agreement, including but not limited to

2

satisfying all deadlines established in the Settlement Agreement." (Settlement CMO at ¶ 2 [MDL Dkt. 925]). (*See* Tanner Aff., at ¶ 8).

The GSP requires eligible parties (like the Plaintiffs) to engage in pre-mediation negotiations and, if those failed, mediation. (Exhibit 1, GSP at Sections III. and IV.). The GSP has been (and continues to be) an extraordinary success, resulting in the settlement of 95% of eligible claims in the MDL. (*See* Tanner Aff., at ¶ 10). The GSP is ongoing and has not yet reached a final conclusion. (*See Id.*, at ¶ 11).

After this case did not settle during the pre-mediation period, Zimmer worked with the Foscues to schedule the court-ordered mediation on June 23, 2017, pursuant to the GSP. (*See Id.*, at ¶ 16). Shortly before the mediation, Defense counsel learned that the Plaintiffs and their counsel planned to attend the mediation telephonically. Defense counsel informed the Plaintiffs' counsel that the requirement of court-ordered mediation would not be fulfilled if the Plaintiffs or their lawyers did not attend the mediation in-person. The Plaintiffs' counsel disagreed. (*See Id.*, at ¶ 17).

Neither the Plaintiffs nor their counsel attended the mediation in-person. The telephonic mediation was not successful. (*See* Tanner Aff., at ¶ 18). The Plaintiffs were the only MDL plaintiffs who did not appear, at least by counsel, in-person at an unsuccessful GSP mediation. (*See Id.*, at ¶ 19). Two days after mediation, on June 25, 2017, the Plaintiffs filed their third motion to remand. (Motion for Suggestion of Remand [Foscue Dkt. 74]). Their motion to remand was denied as premature. (Letter Order denying Plaintiffs' Second Motion for Suggestion of Remand [Foscue Dkt. 77]). There is currently a third letter requesting leave to file a Motion For Suggestion of Remand pending before this Court which was filed by the Plaintiffs on October 25, 2018.

3

(Letter from Plaintiffs Requesting Leave to File a Motion for Suggestion of Remand [Foscue Dkt. 85]).

## ARGUMENT

This Court should require the Plaintiffs to appear personally at mediation so that the parties can determine if this case can be resolved without further litigation. Zimmer's attempts to promote in person mediation to date have been unsuccessful. (*See* Tanner Aff., at ¶ 17).

The Plaintiffs' position—that they can essentially "phone it in" to satisfy the requirements of the Settlement CMO—is not supported by the New Jersey Local Rules. Under the New Jersey Local Rules, "[c]ounsel and the parties (including individuals with settlement authority for specific individuals) shall *attend* all mediation sessions unless otherwise directed by the mediator." *See* N.J. Civ. R. 301.1(e)(3) (emphasis added). This attendance concept includes participation in a meaningful manner. *See* N.J. Civ. R. 301.1(e)(3). Indeed, the Court has discretion to issue sanctions upon "any party or attorney who fails to participate in a meaningful manner" in mediation. N.J. Civ. Appx. Q, at III; N.J. Civ. R. 303.1(f) (stating that the Guidelines for Mediation, as set forth in Appendix Q, "shall have the same force and effect as the provisions of this Rule").

In-person attendance at mediation promotes the parties' participation in a meaningful manner. As several courts and commentators have observed, personal attendance at mediation promotes settlement. *See Pucci v. 19th Dist. Court*, No. 07-10631, 2009 WL 596196, at * 5 (E.D. Mich. Mar. 6, 2009) (collecting authority supporting that the effectiveness of mediation "declines if the decision-makers in a case do not personally attend the sessions"); *Montanez v. Carvajal*, No. 6:15-cv-807-Orl-40DCI, 2016 WL 11464649, at * 1 (M.D. Fla. Oct. 18, 2016) (observing "the purpose of mediation cannot be fully achieved without every party's in-person attendance"); *Dodd*

*v. Matthews*, No. 8:12-cv-2054-T-33TGW, 2013 WL 3491167, at *1–2 (M.D. Fla. July 10, 2013) (noting court's requirement for "personal attendance at mediation conferences because it strongly believes that mediation conferences are most effective when attended personally, rather than telephonically"); Joseph A. Torregrossa, *Appellate Mediation in the Third Circuit—Program Operations: Nuts, Bolts and Practice Tips*, 47 Vill. L. Rev. 1059, 1070 (2002) (stating that former Third Circuit mediation director's "experience suggests that in-person mediations are preferable and more productive"); *see also In re Air Crash Disaster at Stapleton Intern'l Airport, Denver, Colo. on Nov. 15, 1987*, 720 F. Supp. 1433, 1438–39 (D. Colo. 1988) (rejecting defendants' objections to appearing in person at subsequent rounds of mediation ordered pursuant to Federal Rule of Civil Procedure 16 because "[t]he attendance of the parties and the settlement negotiations themselves are intended by the court to reduce [the] overall burdens").

The GSP has had incredible success at resolving the Durom Cup cases outside of the courtroom. (*See* Tanner Aff., at ¶ 10). The overwhelmingly large percent of in-person mediations has certainly fueled the success of the GSP. (*See* Tanner Aff., at ¶ 19).

Zimmer believes the GSP mediation process could work for the Plaintiffs' claims as well, but the parties need to negotiate in-person and in good faith with the aim of resolving the claims—not with the aim of checking a box en route to an eventual remand. The Plaintiffs' conduct since the entry of the Settlement CMO has not been consistent with other plaintiffs participating in the court-mandated mediation in a meaningful manner. Instead, the Plaintiffs' focus is on obtaining a remand as soon as possible. This is apparent from the fact that they filed a motion to remand a mere two days after the telephonic mediation. (Motion for Suggestion of Remand [Foscue Dkt. 74]).

Therefore, Zimmer respectfully requests this Court's assistance in compelling the Plaintiffs to attend an in-person mediation with Your Honor or designated Magistrate to encourage productive settlement discussions.

## **CONCLUSION**

The parties have not yet meaningfully engaged in mediation pursuant to the GSP. This Court should order the Plaintiffs to personally participate in mediation with Your Honor or designated Magistrate to fully effectuate the intent of the GSP according to the Settlement CMO, which was to promote good faith settlement discussions between the parties.

Dated: February 15, 2019

Respectfully submitted,

**FAEGRE BAKER DANIELS LLP**

/s/ *J. Joseph Tanner*
J. Joseph Tanner
Andrew L Campbell
Stephanie N. Russo
300 North Meridian Street
Indianapolis, IN 46204
Phone: (317)237-0300
Fax: (317) 237-1000
Joe.Tanner@faegrebd.com
Andrew.Campbell@faegrebd.com
Stephanie.Russo@faegrebd.com
Attorneys for Defendants Zimmer, Inc.,
Zimmer Biomet Holdings, Inc., and Zimmer US, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served upon all counsel of record via ECF this 15th day of February, 2019.

/s/ *J. Joseph Tanner*

US.121730386.04