# EXHIBIT 2

EXHIBIT 2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID FOSCUE, *et al.*,<br>    PLAINTIFFS,<br><br>v.<br><br>ZIMMER INC., *et al.*,<br><br>    DEFENDANTS. | Case No.: 12-7491<br>MDL Docket No. 2158<br><br>Assigned to: Hon. Susan D. Wigenton |

**AFFIDAVIT OF JOHN JOSEPH TANNER IN SUPPORT OF DEFENDANTS'
MOTION FOR COURT-ASSISTED MEDIATION**

I, John Joseph Tanner, being first duly sworn, states under oath as follows:

1. My name is John Joseph Tanner, and I am an attorney with the law firm Faegre Baker Daniels LLP representing the defendants, Zimmer, Inc. (now Zimmer Biomet, Inc.), Zimmer Holdings, Inc. (now Zimmer Biomet Holdings, Inc.), and Zimmer US, Inc. (collectively "Zimmer"), in *In re: Zimmer Durom Hip Cup Products Liability Litigation*, MDL No. 2158 (the "MDL").

2. The MDL was created on June 9, 2010, by the Transfer Order of the United States Judicial Panel on Multidistrict Litigation.  (JPML Dkt. 22).  The MDL is being handled by the Honorable Susan D. Wigenton in the United States District Court for the District of New Jersey.

3. On September 23, 2010, then-Magistrate Judge, Honorable Madeline Cox Arleo, entered Case Management Order No. 1 ("CMO 1"), "govern[ing] the practice and procedure in those actions transferred to the [MDL]."

EXHIBIT 2

4. As part of CMO 1, Judge Arleo stayed discovery and established a "Settlement Period" during which the parties exchanged information and attempted early settlement without incurring the time and cost of formal discovery. That process was very successful and resulted in the settlement of hundreds of cases.

5. By May 2011, some cases could not be settled and, at Plaintiffs' Liaison Counsel's request, Judge Arleo entered a series of orders governing coordinated discovery for non-settling cases and the selection of cases for trial.

6. The plaintiffs, David and Teresa Foscue (the "Foscues"), did not submit their case for the Court's trial list.

7. Subsequently, four cases were tried to verdict by a subset of MDL Plaintiffs' Liaison Counsel in 2014 and 2015. Three cases were tried in state courts using the coordinated discovery taken in the MDL and one case in the MDL Court. The trials resulted in three defense verdicts and one plaintiff's verdict in California that was subsequently vacated by the trial judge and currently is on appeal.

8. At the conclusion of the trials, Zimmer and a subset of MDL Plaintiffs' Liaison Counsel ("Claimants' Liaison Counsel") negotiated the "U.S. Durom Cup Settlement Program Agreement" (the "Global Settlement Program" or "GSP"). The GSP is intended to resolve substantially all of the cases in the MDL. Attached hereto as Exhibit A is a true and correct copy of the Case Management Order Regarding Settlement Agreement ("Settlement CMO"), to which a true and correct copy of the Global Settlement Program Agreement is attached.

9. Thereafter, Zimmer and Claimants' Liaison Counsel proposed certain amendments to MDL Case Management Orders to effectuate the GSP in the MDL. After hearing objections to the proposed amendments, Judge Wigenton entered the Settlement CMO

2

EXHIBIT 1

EXHIBIT 2

on May 13, 2016, requiring, in part, that "[a]ll plaintiffs … shall participate in the process established by the Settlement Agreement, including but not limited to satisfying all deadlines established in the Settlement Agreement." (Settlement CMO at ¶ 2).

10. The GSP required eligible parties (like the Foscues) to engage in pre-mediation negotiations and, if those failed, mediation. (GSP at Sections III. and IV.). Moreover, the GSP mandates that "All parties may participate in mediation by counsel." (GSP at Section IV.A.). Zimmer interprets that provision to mean, at the very least, counsel must attend mediation in-person.

11. The GSP has been (and continues to be) an extraordinary success, resulting in the settlement of 95% of eligible claims in the MDL.

12. The GSP is ongoing and has not yet reached a final conclusion. Specifically, the parties currently are finalizing the settlement of mediated cases, working with Plaintiffs' Liasion Counsel on a plan to resolve ineligible cases under the GSP, and the parties anticipate setting a status conference with Judge Wigenton in the coming months to discuss the status of the GSP and the management of cases (like the Foscues) that have not yet settled.

13. On June 21, 2012, the Foscues served their Amended Complaint filed in the Circuit Court of Bradley County, Arkansas. On July 18, 2012, Zimmer timely removed the case to the Western District of Arkansas.

14. The Foscues immediately moved to remand the case, and then filed a motion for expedited ruling in the W.D. of Arkansas before the JPML transferred the case to the MDL on December 6, 2012.

EXHIBIT 1

EXHIBIT 2

15.     On March 23, 2013, Magistrate Judge Arleo held a hearing on the Foscue's motion to remand, and denied the motion.  Judge Wigenton affirmed Judge Arleo's ruling, over the Foscue's objection.

16.     Pursuant to the CMO 1 settlement process described above (before the current GSP), the Foscues participated in a mediation with Zimmer and Magistrate Judge Arleo on May 12, 2014, but the case did not settle.

17.     Pursuant to the GSP, the Foscues engaged in pre-mediation negotiations, but the case did not settle.  Thereafter, Zimmer worked with the Foscues to schedule the court-ordered mediation.

18.     Shortly before the mediation, I learned that the Foscues and their counsel planned to attend the mediation telephonically.  I informed the Foscue's counsel that the requirement of court-ordered mediation would not be fulfilled if the Foscues or their lawyers did not attend the mediation in-person.  The Foscue's counsel disagreed.  Attached hereto as Exhibit B is a true and correct copy of a June 22, 2017, email exchange with the Foscue's counsel.

19.     Neither the Foscues nor counsel attended the mediation in-person.  The telephonic mediation was not successful.

20.     The Foscues were the only MDL plaintiffs who did not appear, at least by counsel, in-person at an unsuccessful GSP mediation.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 15, 2019           /s/ J. Joseph Tanner
                                    J. Joseph Tanner

EXHIBIT 1

DMS 12167773930.01